UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY MARIA BRISENO-CASTILLO,
                     Petitioner,

-v-

KENNETH GENALO, *et al.*,
                     Respondents.

26-CV-215 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On the evening of Saturday, January 10, 2026, Nancy Maria Briseno-Castillo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This Court was assigned the case on Monday, January 12, 2026 and filed an order that morning requiring Respondents not to remove Briseno-Castillo or to transfer her outside of this or nearby districts. But by then, Briseno-Castillo was already on a flight to Ecuador. Respondents now ask the Court to dismiss this action as moot.

**I.    Background**

Briseno-Castillo is a native and citizen of Ecuador who entered the United States on December 24, 2022. (ECF No. 9-1 ("Sol Decl.") ¶¶ 2-3.) She was released from custody and, on September 5, 2023, was served a Notice to Appear charging her as inadmissible. (*Id.* ¶ 3-5.) Briseno-Castillo received a final removal order on December 9, 2025. (*Id.* ¶ 9.) She filed a petition for review of that final removal order in the Second Circuit shortly thereafter. (*Id.* ¶ 10.) She did not file a motion for a stay of removal in the Second Circuit. (*Id.*)

On Monday, January 5, 2026, Briseno-Castillo reported to 26 Federal Plaza for a scheduled check-in with Immigration and Custom Enforcement ("ICE"). (*Id.* ¶ 11.) She was instructed to return to 26 Federal Plaza on Saturday, January 10, 2026, with her child and

1

passport. (*Id.* at ¶¶ 11.) When she returned as instructed on the morning of January 10 with her child and travel documents, she and her child were taken into custody. (*Id.* ¶ 13; ECF No. 17-1 ("Briseno-Castillo Decl.") ¶ 2).[1]) Briseno-Castillo was not given a bond hearing or an explanation for why her supervision was being revoked. (ECF No. 1 ("Pet") ¶¶ 34-35.)

Briseno-Castillo was transported to McAllen, Texas, that same day. (Sol Decl. ¶ 13.) Briseno-Castillo filed her petition at 11:01 p.m. EST that evening, alongside an emergency motion for temporary relief. (ECF No. 1; ECF No. 2.) As far as this Court is aware, no call was made to the Part I judge assigned to handle requests for emergency relief in this district after business hours.

On Monday, January 12, 2026, at 8:55 a.m. EST, Briseno-Castillo's petition was assigned to this Court. At 11:58 a.m. EST that same day, the Court issued an Order to Answer which, among other things, scheduled a telephone conference for January 15, 2026 and required Respondents to neither remove Briseno-Castillo nor to transfer her except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. (ECF No. 3 at 2.) But by then, Briseno-Castillo was already on a chartered escorted flight to Ecuador,[2] which had departed Harlingen, Texas's Valley International Airport at approximately 6:40 a.m. CST. (Sol Decl. ¶ 15; ECF No. 24 at 4.) The flight arrived in Ecuador at approximately 12:09 p.m. EST. (ECF No. 24 at 4.)

---

[1] In her declaration, Briseno-Castillo spells her name as "Briceno-Castillo." (Briseno-Castillo Decl. at 2.) The Court adopts the spelling of Petitioner's name that is used in the remainder of the filings, "Briseno-Castillo."

[2] Respondents initially represented that Briseno-Castillo's flight to Ecuador was a commercial flight. (ECF No. 14 at 1.) After Briseno-Castillo submitted a declaration stating that the flight was not a commercial flight (Briseno-Castillo Decl. ¶ 8), Respondents corrected their prior representation and indicated that the flight was a chartered escorted flight (ECF No. 24 at 4).

On January 14, 2026, Briseno-Castillo's counsel filed a letter informing the Court of Briseno-Castillo's removal. (ECF No. 6.) Consequently, the Court converted the telephone conference scheduled for January 15, 2026, into an in-person hearing. (ECF No. 7.) Respondents then filed a letter requesting that the Court dismiss Briseno-Castillo's petition as moot in light of her removal to Ecuador. (ECF No. 9.)

The Court held a hearing on January 15, 2026, at which Briseno-Castillo's counsel indicated that they do not know when Briseno-Castillo left ICE custody, as the only information they had was a flight departure time. (ECF No. 11 ("Tr.") at 8.) Accordingly, the Court allowed time for the parties to investigate material facts and to brief issues about jurisdiction and mootness. (*Id.* at 14.) On January 30, 2026, Respondents filed a letter providing additional details about Briseno-Castillo's transfer out of the Southern District of New York and removal to Ecuador. (ECF No. 14.) On February 10, 2026, Briseno-Castillo filed a letter opposing the Respondents' request to dismiss the petition as moot. (ECF No. 17.) On February 20, Respondents filed a reply letter. (ECF No. 24.)

## II.    Discussion

Within the span of forty-eight hours, Briseno-Castillo and her daughter were taken from New York to Texas and put on a flight to Ecuador. Troublingly, those forty-eight hours coincided with when the Southern District of New York was closed, and the Court was not assigned her petition until she had already departed for Ecuador. In nearly every week of this calendar year to date, the Southern District of New York has had at least one habeas petition filed after the close of business on Friday—on some weekends as many as five—such that it is not assigned to a judge in this district until the next business day. The Court is in no position to determine whether ICE is aware that weekend detentions—which may lead to the filing of habeas petitions over the weekend—result in this gap in judicial review. Regardless, the facts of

this case indicate that petitioners and their counsel should be on notice of all measures that they can take to ensure that they have the opportunity to meaningfully challenge their detention in court, especially when petitioners are detained outside of business hours.

A noncitizen who challenges her detention or a final order of removal may seek to stay removal pending resolution of her challenge in a number of ways.  First, as Respondents acknowledged at the hearing, when a noncitizen petitions the Second Circuit for review of a final order of removal *and* files a motion for a stay of removal, the government automatically forbears removal.  (*See* Tr. at 10-11.)  Accordingly, the filing of a stay motion alongside a petition for review will itself result in forbearance of her removal.

The government has no similar forbearance policy for a stay motion that accompanies a habeas petition filed in district court.  (*See id.*)  Accordingly, habeas petitioners seeking to stay removal or transfer will secure that stay only through a court order.  Where warranted, courts in this district have granted stay motions filed contemporaneously with habeas petitions.  However, in the Southern District of New York, cases are assigned only when the court is open:  A petition that is filed in the late hours of a Friday will not be assigned to a judge until, at earliest, the morning of the following Monday.  As a result, when a habeas petition is filed on a weekend, a court may not be aware of the filing until the following business day, increasing the risk that the petitioner may be transferred or removed before judicial action is possible.

To facilitate prompt judicial review of habeas petitions, the Southern District of New York has issued updated procedures which require immigration habeas petitioners or their counsel to alert the Part I judge to a pending application that is filed after business hours.[3]  *See*

---

[3] The new procedures are accessible on the Southern District of New York's website by clicking on the "Notice: Updated Procedures for Immigration-Related Habeas Corpus Petitions" banner displayed on the landing page.

4

S.D.N.Y., *Notice to the Bar*, (Dec. 17, 2025) https://www.nysd.uscourts.gov/sites/default/files/2025-12/Notice%20to%20Bar%20-%20Updated%20Procedures%20for%20Immigration-Related%20Habeas%20Corpus%20Petitions.pdf [https://perma.cc/3GRH-E397]. Such notice is important because a Part I judge may choose to issue an order staying removal or transfer unless and until that order is vacated or modified by the judge who is eventually assigned the case. *See, e.g.*, *Urbano v. Genalo*, No. 26-CV-1466 (S.D.N.Y. Feb. 20, 2026), ECF No. 3; *Roque Moreno v. Genalo*, No. 26-CV-855 (S.D.N.Y. Feb. 1, 2026), ECF No. 3.

      Regrettably, Briseno-Castillo's counsel in this case and in her case before the Second Circuit failed to take any of these actions. Briseno-Castillo did not file a motion to stay when she filed her petition for review in the Second Circuit—a filing that would have resulted in forbearance of removal. Indeed, even after Briseno-Castillo was detained, her attorney did not file a stay motion before the Second Circuit. (ECF No. 17-2 at 1-2 (indicating that Briseno-Castillo's attorney told ICE officials that she was not admitted to the Second Circuit and did not know if there was a stay of removal filed in the Second Circuit).) And as far as the Court is aware, Briseno-Castillo's counsel did not notify the Part I judge of the habeas petition after it was filed on the evening of January 10, 2026. As a result, no judicial review of the habeas petition or the stay motion was available until after the case was assigned to this Court on the morning of January 12, 2026, a day and a half after the petition was filed.

      In this case, that short delay forecloses Briseno-Castillo's challenge. "A case 'becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome,' at which point 'the Constitution's case or controversy requirement, U.S. Const. Art. III, § 2, is not satisfied and a federal court lacks subject matter jurisdiction over the

action.'" *De La Cruz v. Dep't of Homeland Sec.*, No. 20-CV-02219, 2021 WL 431037, at *2 (S.D.N.Y. Feb. 8, 2021) (Nathan, J.) (first quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) and then quoting *New York City Employees' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992)).  Both this Court and the Second Circuit have consistently held that a habeas petitioner's removal from the United States renders moot a habeas petition challenging unlawful detention.  *See, e.g.*, *id.* ("In the context of immigration habeas cases, if a petitioner challenges his or her detention under 28 U.S.C. § 2241 but is subsequently removed, the petition becomes moot because the petitioner is no longer in custody."); *Hassoun v. Searls*, 976 F.3d 121, 127 (2d Cir. 2020) ("No one disputes that this case has become moot, given that Hassoun has been removed from the United States."); *Pierrilus v. U.S. Immigr. & Customs Enf't*, 293 F. App'x 78, 79 (2d Cir. 2008) (summary order) ("Under 28 U.S.C. § 2241, the habeas statute under which petitioner challenged his detention, we retain jurisdiction so long as the petitioner is in custody." (quotation marks omitted)).

  Briseno-Castillo's arguments against mootness are unavailing.  She primarily argues that a live controversy remains because the Court can still grant relief that will redress continuing legal consequences.  (*See* ECF No. 17 at 2.)  But the cases that Briseno-Castillo cites precede passage of the REAL ID Act of 2005, which stripped district courts of jurisdiction to review habeas challenges to final removal orders.  (*See* ECF No. 17 at 2-3.)  *See Pierre-Paul v. Sessions*, 293 F. Supp. 3d 489, 492 (S.D.N.Y. 2018) (Nathan, J.) (citing 8 U.S.C. § 1252(a)(5) for the proposition that "this Court would lack jurisdiction to hear any challenge to [the petitioner's] removal order").  Accordingly, Briseno-Castillo cannot rely on the fact that she has a pending petition for review of her final order of removal or that she believes it to be meritorious.  (*Cf.* ECF No. 17 at 3-6 (arguing that the Board of Immigration Appeals committed legal error).)

Here, she has "challenged [only] her *detention*, not her removal order," and "any continuing injury would result from the removal order," not the detention that has now ended. *Pierre-Paul*, 293 F. Supp. 3d at 492; *see also Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) (noting that, where "petitioner did not challenge the final order of removal" but rather his detention, "any continuing injury to the petitioner stems not from his detention, which has ended, but from the final removal order").

Briseno-Castillo does not dispute that she been removed from the United States and is no longer in the custody of Respondents. She also does not argue that Respondents violated a Court order in removing her, as she was placed on a flight to Ecuador hours before the Court issued its Order to Answer. *Cf. Yearwood v. Barr*, 391 F. Supp. 3d 255, 262 (S.D.N.Y. 2019) ("[W]here a petitioner is removed in violation of a court order staying that removal, courts have required that the petitioner be returned to the United States so that the court orders would be enforced."). Accordingly, the Court concludes that Briseno-Castillo's habeas petition is moot.

### III.    Conclusion

For the foregoing reasons, the Court DISMISSES this action as moot without prejudice to Petitioner's ability to seek habeas relief from the appropriate court should she be re-detained.

The Clerk of Court is directed to close the motion at Docket Number 2 and to close the case.

SO ORDERED.

Dated: March 2, 2026
New York, New York

_____
J. PAUL OETKEN
United States District Judge